## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| RICKY BRELAND,[1] | : | |
| Plaintiff | : | |
| VS. | : | |
| EVERCOM SYSTEM, INC., *et al.*, | : | NO. 7:09-cv-60 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **RICKY BRELAND** has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward them to the Clerk of this Court until the filing fee is paid in full.

---

[1] Although plaintiff's section 1983 form complaint names as additional plaintiffs Juan Gonzales and Timothy Cook, neither of these individuals has signed the complaint or supplied the Court with an IFP affidavit. Moreover, multiple prisoners proceeding IFP are not allowed to join together as plaintiffs in a single lawsuit. Each prisoner is required to file his own lawsuit and pay the full amount of the filing fee, unless he qualifies for IFP status. ***Hubbard v. Haley***, 262 F.3d 1194 (11th Cir. 2001). Consequently, the Court will consider this complaint as having been filed by one plaintiff, Ricky Breland. Gonzales and Cook shall be stricken as plaintiffs.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is factually frivolous when the facts alleged are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II. BACKGROUND

Plaintiff, a prisoner at the Colquitt County Jail, brings this action alleging that defendant Evercom, Inc., charged inmates excessive fees for substandard telephone service. Plaintiff claims, for example, that phone calls were prone to early termination. He also appears conclusorily to allege that Colquitt County Jail officials conspired with Evercom.

## III. DISCUSSION

Prisoners have a First Amendment right to communicate with friends and family. *Pope v. Hightower*, 101 F.3d 1382, 1385 (11th Cir. 1996). Although his complaint is by no means clear, plaintiff appears to argue that his First Amendment rights have been violated by a telephone system that cuts off inmate calls.

To state a claim for relief in an action brought under section 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the

alleged deprivation was committed under "color of state law." ***Parratt v. Taylor***, 451 U.S. 527, 535, ***overruled in part on other grounds***, 474 U.S. 327 (1986). The Supreme Court has repeatedly stated that, "the under-color-of-state-law element of section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 49-50 (1999).

The fact that Evercom provided phone service in the Colquitt County Jail does not constitute action under "color of state law." ***See Middleton v. MCI Telecommunications Corp.***, 2005 WL 2495358 (M.D. Fla. Oct. 10, 2005) (telephone carrier defendant not a state actor); ***Daniels v. Bowles***, 2004 WL 2479917 (N.D. Tex. Nov. 2, 2004) (for-profit telephone company does not act under color of state law). Plaintiff does not allege that Evercom's relationship with the Colquitt County Jail goes any farther than the provision of telephone service. Thus, plaintiff's complaint fails to satisfy the under "color of state law" element. Because plaintiff has failed to allege "state action" that would support a claim under section 1983, he has failed to state a claim upon which relief may be granted.

Plaintiff appears to allege a conspiracy between Evercom and Colquitt County Jail officials. In order to establish a conspiracy, the plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the plaintiff his constitutional rights. It is not enough to allege in the complaint that a conspiracy existed. "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." ***Fullman v. Graddick***, 739 F.2d 553, 557 (11th Cir.1984) (citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)). Plaintiff has failed to plead more than a general

3

conclusory allegation of conspiracy. Because plaintiff failed to allege specific facts supporting the existence of a conspiracy, plaintiff has not stated a constitutional claim cognizable under section 1983.

Finally, even if Evercom were deemed to have acted under color of state law, the early termination of telephone calls would not appear to deprive plaintiff of his First Amendment rights. *See generally Pope*, 101 F.3d at 1385.

## IV.  CONCLUSION

Based on the foregoing, the instant action is hereby **DISMISSED** as frivolous pursuant section 1915(e)(2).

**SO ORDERED**, this 27th day of May, 2009.

> *s/ Hugh Lawson*
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

cr